UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROBERT D. COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00375-JPH-MJD |
| | ) | |
| S. KELLAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER SCREENING THE COMPLAINT**

Robert Coleman is a prisoner at Westville Correctional Facility. Mr. Coleman is suing Officer S. Kellams for an alleged episode of excessive force at Wabash Valley Correctional Facility. Because Mr. Coleman is a prisoner, the Court must screen the complaint before directing service on the defendant.

**I. SCREENING STANDARD**

The Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)-(c). The Court applies the same standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). The complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotations omitted).

## II. THE COMPLAINT

On May 1, 2021, Mr. Coleman was locked inside his cell in a solitary confinement unit at Wabash Valley Correctional Facility. The complaint alleges that Officer Kellams reached through Mr. Coleman's open cuff-port and "acted with malicious intent by emptying out a whole can of chemical agent on Mr. Coleman." Officer Kellams sprayed Mr. Coleman's genital area with the chemical agent while he was partially nude and behaving in a non-threatening manner. Mr. Coleman seeks compensatory and punitive damages.

## III. DISCUSSION

Mr. Coleman's Eighth Amendment excessive force claim **shall proceed** against Officer Kellams in her individual capacity. All other claims are dismissed. This summary includes all viable claims identified by the Court. If Mr. Coleman believes the complaint includes additional viable claims, he has through **January 28, 2022**, to identify those claims.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant S. Kellams in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of service of Summons), and this Order.

**SO ORDERED**.

Date: 1/10/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROBERT D. COLEMAN
179553
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Electronic Service to the following IDOC defendant at Wabash Valley Correctional Facility:

    Officer S. Kellams